2025 IL App (1st) 240802-U

No. 1-24-0802

Order filed March 14, 2025

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| MYRIAN GARCIA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2021L010389 |
| | ) | |
| DORIS BAWCUM, ROBERT JEWELL, | ) | Honorable |
| individually and as agent of JEWELL PROP., | ) | Nichole C. Patton, |
| LLC, an Illinois Limited Liability Company, | ) | Judge, presiding. |
| d/b/a JEWELL PROP., LLC – 2114 SCOVILLE | ) | |
| AVENUE, CYNTHIA JEWELL, individually | ) | |
| and as agent of JEWELL PROP., an Illinois | ) | |
| Limited Liability Company d/b/a JEWELL | ) | |
| PROP., LLC -2114 SCOVILLE AVENUE, | ) | |
| JEWELL PROP., LLC an Illinois Limited | ) | |
| Liability Company d/b/a JEWELL PROP., LLC - | ) | |
| 2114 SCOVILLE AVENUE, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE MITCHELL delivered the judgment of the court.
Presiding Justice Mikva and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not err in granting summary judgment for the defendant landlords where they did not owe a duty to the plaintiff who was bitten by a tenant's dog.

¶ 2    Plaintiff, Myrian Garcia, appeals the circuit court's order for summary judgment in favor of defendants Robert Jewell, Cynthia Jewell, and Jewell Prop., LLC. The issue presented is whether the circuit court erred in granting summary judgment for the defendants because neither the voluntary undertaking exception nor latent defect exception created a duty to protect the plaintiff. For the following reasons, we affirm.

¶ 3                                I. BACKGROUND

¶ 4    The defendants owned property at 2114 Scoville Avenue, Berwyn, Illinois. They leased the property to defendant Doris Bawcum. The property has a common area in the back which is bounded by a picket fence on two sides. This fence separates the common area of the property from the public alley. All parties agree that the fence was "rickety" and had been in a state of disrepair since Bawcum moved to the property.

¶ 5    Bawcum's dog, Titan, escaped her control when she was letting it into the house. The dog left the defendants' property by forcing himself through the fence. Once in the alley, Titan bit plaintiff Myrian Garcia on the leg. Titan had been in two prior reported incidents, neither of which had been reported to Robert or Cynthia Jewell.

¶ 6    Garcia filed a complaint against the defendants based on a common law theory of negligence. She alleged the defendants owed a duty to her on the theory of voluntary undertaking and a latent defect present on the premises.

¶ 7    The defendants moved for summary judgment predicated on the supposed absence of a duty. The circuit court granted the motion, 735 ILCS 5/2-1005 (West 2020), and concluded that the defendants had no duty because there was no latent defect in the fence, and they had not

engaged in a voluntary undertaking. This timely appeal followed. Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 8                                                   II. ANALYSIS

¶ 9     Garcia argues that the circuit court erred in granting summary judgement because there was evidence of a latent defect in the property and that the defendants engaged in a voluntary undertaking. These are exceptions to the general rule that "a landlord is not liable for injuries caused by a dangerous or defective condition on the premises leased to a tenant and under the tenant's control." *Klitzka ex rel. Teutonico v. Hellios*, 348 Ill. App. 3d 594, 597 (2004) (citing *Vesey v. Chicago Housing Authority*, 145 Ill. 2d 404, 413 (1991)). The defendants contend there was no latent defect and no voluntary undertaking which would create a duty to a third party. We review the grant or denial of a motion for summary judgment *de novo*. *Cohen v. Chicago Park District*, 2017 IL 121800, ¶ 17. Summary judgment is proper when there is no genuine issue of material fact and that the moving party is entitled to judgement as a matter of law. *Id*.

¶ 10     In order to prove a common law negligence claim, a plaintiff must show the existence of a duty owed by the defendant, a breach of that duty, and an injury proximately resulting from that breach. *Klitzka,* 348 Ill. 3d at 596. The existence of a duty is a question of law to be determined by the court. *Id.* "Where the plaintiff fails to provide facts 'from which the court could infer the existence of a duty,' summary judgement for the defendant is appropriate." *Id*. (quoting *Vesey*, 145 Ill. 2d 413).

¶ 11     Illinois courts have repeatedly rejected the claim that landlords should be responsible for dog bites that take place off the leased premises. See *Sedlacek v. Belmonte Properties, LLC*, 2014 IL App (2d) 130969, ¶ 32 ("Where there was no undertaking of a duty, we will not hold a landlord

liable for injuries caused to a third person by a tenant's dog off of the leased property."); *Solorio v. Rodriguez,* 2013 IL App (1st) 121282, ¶ 28 ("[W]e are unwilling to make a landlord an insurer of the public against injuries caused away from the premises\*\*\*."); *Klitzka*, 348 Ill. 3d at 601 (holding that a landlord owes no duty to a tenant's invitee to prevent injuries from a tenant's animal even on leased premises if the landlord does not control the area where the injury occurred). Here, the incident took place in a public alley, not on the leased property. Following Illinois' tradition of holding the dog's owner accountable for the dog's actions, defendants would not normally be liable for an attack that took place away from the property.

¶ 12    In Illinois, lessors who relinquish control of a property to a lessee owe no duty to third parties who are injured while on the leased property unless an exception applies. *Klitzka*, 348 Ill. 3d at 597-98. The court in *Klitzka* laid out six exceptions, two of which are relevant here: "(1) a latent defect exists at the time of the leasing that the landlord should know about; \*\*\* (6) the landlord voluntarily undertakes to render a service." *Id.* Garcia argues that under these two exceptions, there was at least a factual question that precludes summary judgement.

¶ 13    "The essential element of the voluntary undertaking doctrine is an undertaking and the duty of care imposed on a defendant is limited to the extent of his undertaking." *Iseberg v. Gross*, 366 Ill. App 3d 857, 865 (2006). The voluntary undertaking exception is narrowly construed. *Sedlacek,* 2014 IL App (2d), ¶ 30 (citing *Bell*, 2001 IL 110724, ¶ 12). "[T]he extent of the undertaking is determined by the reasonable assessment of its underlying purpose." *Sedlacek*, 2014 IL App (2d), ¶ 30. In *Sedlacek*, on nearly identical facts, the appellate court held that only an express promise to fix the fence so the [rottweiler] would be contained would constitute a voluntary undertaking. *Id.* ¶ 31. The *Sedlacek* court also found the landlord's original intent to fix the fence to contain

animals generally had been abandoned through inaction. *Id.* In this case, there was no promise by the defendants to fix the fence for any reason, and certainly no promise to make it suitable to contain a dog. The closest statement in the record is that Robert Jewell said he would maintain the common area so it would "look nice." He never promised or attempted to do more than that. With no promise and no action, there can be no voluntary undertaking.

¶ 14    Under Illinois law, a "latent defect" is one which is "hidden and not readily observable or discoverable to any but the most searching examination." *Board of Education of Maine Township High School District 207 v. International Insurance. Co.*, 292 Ill. App. 3d 14, 20 (1997). Defects exist in relation to a function or purpose; objects are not defective in the abstract. The implied function for which the fence was defective here is the fence's ability to keep a dog contained in the property's common area. Both the plaintiff and defendants reference Bawcum's deposition testimony that the fence was "rickety" and had loose planks. Additionally, the common area was never fully enclosed. These conditions had existed since Bawcum first moved into the property, and she was aware of them. Even assuming that the fence's purpose was keeping a dog contained, the defect was patent not latent. Therefore, the latent defect exception does not apply.

*¶ 15*    In short, there is no evidence in the record to support a claim under the voluntary undertaking or latent defect exceptions. Therefore, as a matter of law, the plaintiff's claim against the defendants fails.

¶ 16                                III. CONCLUSION

¶ 17    Accordingly, the judgment of the circuit court of Cook County is affirmed.

¶ 18    Affirmed.